**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL - 2 2008

JAMES N. HATTEN, CLERK
By: _____

| | |
|---|---|
| DAVID B. THOMPSON, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC., a Washington limited liability company, | NO. 1:08-CV-2193 RWS |
| Defendant. | |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.  This is an action for damages against the Defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

### SUBJECT MATTER JURISDICTION

2.  Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State, District, and Division who is authorized by law to bring this action.

4. Defendant RECEIVABLES PERFORMANCE MANAGEMENT, LLC., is a corporation organized under the laws of the state of Washington. [Hereinafter said Defendant is referred to as "RPM"].

5. RPM is subject to the jurisdiction and venue of this Court.

6. RPM may be served by personal service upon its registered agent in the State of Washington, to wit: Andrew Shafer, 999 Third Avenue, Suite 2525, Seattle, Washington 98104, or wherever said agent may be found.

7. Alternatively, RPM may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or Washington.

## FACTS COMMON TO ALL CAUSES

8. RPM uses the mails in its business.

9. RPM uses telephone communications in its business.

10. The principle purpose of RPM's business is the collection of debts.

11. RPM regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, to another.

12. RPM is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

13. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, RPM communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

14. In or around March and April 2008, RPM left a series recorded voice messages for Plaintiff requesting a return call.

15. The voice mail messages did not identify RPM as the party placing the calls or otherwise provide meaningful disclosure of the caller's identity.

16. The voice mail messages did not state that the communications were from a debt collector.

17. The voice mail messages did not state that the communications were an attempt to collect a debt.

18. On other occasions, RPM telephoned Plaintiff repeatedly without leaving voice messages and would simply hang up the telephone.

19. Defendant's communications violated the Fair Debt Collection Practices Act.

20. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

21. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

22. Defendant's violations of the FDCPA include, but are not limited to, the following:

23. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

24. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

25. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

26. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Signature page to follow.

Respectfully submitted,

**THE LAW OFFICES OF JAMES M. FEAGLE, P.C.**

by: _____
James M. Feagle
Attorney for Plaintiff
Georgia Bar No. 256916

108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
jimfeagle@aol.com